IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

MAY 2 5 1999

ORDER *Ed Smith*

CLERK OF SUPREME
STATE OF MCI / AnA

IN RE 1998 RULES FOR  )
ADMISSION TO THE BAR  )
OF MONTANA  )

This Court has determined that it is necessary to amend Section IV of the 1998 Rules for Admission to the State Bar of Montana.

IT IS HEREBY ORDERED that effective *May 28*, 1999, Section IV of the 1998 Rules for Admission to the State Bar of Montana is amended as follows:

C.     Except upon a showing of good cause, no attorney or firm may appearpro *hac* vice in more than two pending actions or proceedings in any state court <u>or administrative agency (agency)</u> in Montana.

D.     . . . .

The completed application, along with a fee of $100 must be filed with the State Bar of Montana. The application will then be reviewed by the State Bar of Montana which shall certify the number of prior appearance the applicant has been granted under Section IV-C and whether or not the applicant has been provided the requisite information. Upon certification, the State Bar shall forward the application ~~and~~ to the appropriate court <u>or agency</u>. The court <u>or agency</u> shall enter an order granting or refusing the application and, if the applicant is refused, the court <u>or agency</u> shall state its reasons. The State Bar of Montana shall maintain a record of all *pro hac vice* applications as a public record. Attorneys appearingpro *hac vice* shall notify the State Bar of Montana upon conclusion of the matter in which the attorney appeared.

E.     . . . The court <u>or agency</u> in which an attorney is appearing *pro hac vice* or the Montana Supreme Court may, for violations of Montana law, the Montana Rules of Professional Conduct, Rules for Admission to the Bar of Montana, or orders of the court, withdraw its permission for an attorney to appearpro *hac vice.*

F.     Montana attorneys of record shall sign all pleadings, motions and briefs and participate actively in all phases of the case, including, but not limited to, attendance at depositions and court <u>or agency</u> proceedings, preparation of discovery responses and briefs and all other activities necessary to be prepared

to go forward with the case at all times. A district court <u>or agency</u>, upon motion by local counsel, may waive this rule based upon a showing of extraordinary circumstances. Upon waiver of the rule by the district court <u>or agency</u>, all papers subsequently filed shall be signed by counsel actively involved in the case. Such a waiver is not to be routinely granted.

The Clerk is directed to provide copies of this Order to the State Bar of Montana to the Administrator of the Board of Bar Examiners; to all members of the commission on Admission Rules Revision; to West Group; to the Code Commissioner and Director of Legal Services at the Montana Legislative Services Division; to each of the Clerks of the District Courts of Montana; and to Sally Hilander at The Montana *Lawyer* magazine with the request that this Order be published in the next possible issue.

DATED this 25 day of May, 1999.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices